UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


REGLYNN RANDLE,

        Plaintiff,                                  Hon. Ellen S. Carmody

v.

                                                  Case No. 1:14-cv-1108

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act. On November 12, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #16).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

1

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords

to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 40 years of age on her alleged disability onset date. (Tr. 135). She successfully completed high school, as well as two years of college, and worked previously as a banking customer service representative, bank teller, telemarketer, medical records clerk, loan clerk, residential care advisor, and general office clerk. (Tr. 23, 36, 66, 402). Plaintiff applied for benefits on December 10, 2012, alleging that she had been disabled since May 22, 2010, due to diastolic heart failure, depression, and anxiety. (Tr. 135-48, 175). Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 70-132). On November 6, 2012, Plaintiff appeared before ALJ William Reamon with testimony offered by Plaintiff and a vocational expert. (Tr. 29-69). In a written decision dated March 11, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 15-24). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-4). Plaintiff initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from fibromyalgia and costochondritis (non-cardiac chest pain), severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 17-20). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) she can lift/carry up to 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour work day she can sit for 6 hours and stand/walk up to 2 hours; (3) she can occasionally climb ramps, stairs, and ladders; (4) she must avoid concentrated exposure to extreme heat and cold; and (5) she must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. (Tr. 20).

A vocational expert testified at the administrative hearing that if Plaintiff were limited to the extent reflected in the ALJ's RFC determination, she would still be able to perform her past relevant work as a banking customer service representative, loan clerk, telemarketer, and general office clerk. (Tr. 65-68). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.       **Plaintiff's Residual Functional Capacity**

A claimant's residual functional capacity (RFC) represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Payne*

5

*v. Commissioner of Social Security*, 402 Fed. Appx. 109, 116 (6th Cir., Nov. 18, 2010). As noted above, the ALJ concluded that Plaintiff retained the ability to perform a range of light work. Plaintiff argues that she is entitled to relief because the ALJ's RFC determination is not supported by substantial evidence. Specifically, Plaintiff asserts that an accurate assessment of her residual functional capacity would have precluded a finding that she retained the ability to perform any past relevant work. The Court is not persuaded.

The medical evidence regarding Plaintiff's heart/chest impairments reveals the following. The results of an April 23, 2010 heart catheterization procedure were unremarkable. (Tr. 274-75). Treatment notes dated November 11, 2010, indicate that Plaintiff was experiencing "moderate" diastolic dysfunction in response to which Plaintiff was instructed to undertake "lifestyle modifications," including "continuing and increasing her exercise program." (Tr. 377). Chest x-rays, taken January 14, 2011, revealed "no active pulmonary disease." (Tr. 286). Treatment notes dated January 19, 2011, reveal that Plaintiff's "diastolic dysfunction has improved from moderate to mild." (Tr. 373). A stress echocardiogram examination, performed the same day, revealed no evidence of ischemia or infarction, but did, however, reveal that Plaintiff was experiencing "poor conditioning." (Tr. 299-301). The results of a July 12, 2011 echocardiography examination were unremarkable with "normal overall left ventricular systolic function" and "normal overall right ventricular systolic function." (Tr. 419-21). The results of an October 12, 2011 MRA examination of Plaintiff's thoracic and abdominal aorta were "normal." (Tr. 437). Treatment notes dated December 15, 2011, indicate that Plaintiff's symptoms "are more likely consistent with fibromyalgia than any underlying cardiac disease." (Tr. 441).

With respect to Plaintiff's fibromyalgia, there is no indication in the record that such

imposed on Plaintiff limitations beyond those recognized by the ALJ. Plaintiff responded well to medication and Plaintiff was repeatedly instructed to conservatively treat her fibromyalgia with medication and increased exercise/aerobic activity. (Tr. 376, 434, 439, 448, 509). Furthermore, none of Plaintiff's care providers have imposed upon Plaintiff functional limitations which are contrary to or inconsistent with the ALJ's RFC determination. The ALJ's RFC determination is supported by substantial medical evidence. Accordingly, this argument is rejected.

## II.        Plaintiff's Credibility

At the administrative hearing, Plaintiff testified that she was impaired to an extent far greater than recognized by the ALJ. For example, Plaintiff testified that she suffered from "constant pain" that ranges from 7-12 on a 1-10 scale. (Tr. 49-50). Plaintiff reported that she can stand for "maybe about ten minutes at a time," after which she needs a 20 minute break to recover. (Tr. 51). Plaintiff reported that she can walk "maybe about a half a block to a block" after which she is "really tired and exhausted." (Tr. 52). The ALJ concluded that Plaintiff was not completely credible and, accordingly, afforded her testimony and other statements limited weight. (Tr. 20-23). Plaintiff asserts that she is entitled to relief because the ALJ's rationale for discounting her testimony is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20

C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the

8

witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

In support of his decision to discount Plaintiff's allegations, the ALJ noted, in detail, that the medical evidence contradicted Plaintiff's subjective allegations. As the discussion in the previous section makes clear this determination is supported by substantial evidence. The ALJ correctly noted that none of Plaintiff's care providers have imposed on Plaintiff limitations which are inconsistent with her RFC. The ALJ also noted that while Plaintiff was seeking disability benefits she was simultaneously collecting unemployment benefits premised upon the assertion that she was able to perform full-time work. While the Court recognizes from a practical standpoint why a claimant would simultaneously seek to recover benefits from two distinct programs, the fact remains that courts have made clear that receipt of unemployment benefits is inconsistent with a claim of disability and, moreover, constitutes a valid rationale for discounting a claimant's subjective allegations. *See, e.g., Bastian v. Commissioner of Social Security*, 2014 WL 5073606 at *9 (W.D. Mich., Oct. 3, 2014) (collecting cases). In sum, the ALJ articulated legitimate reasons for discounting Plaintiff's subjective allegations and those reasons are supported by substantial evidence. Accordingly, this argument is rejected.

9

**III.**     **Hypothetical Question to Vocational Expert**

In determining that Plaintiff retained the ability to perform her past relevant work, the ALJ relied upon the testimony of a vocational expert. Plaintiff asserts that she is entitled to relief because the hypothetical question posed to the vocational expert did not accurately describe her limitations. While the ALJ may satisfy his burden through the use of hypothetical questions posed to a vocational expert, such hypothetical questions must accurately portray the claimant's physical and mental impairments. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996). The hypothetical question which the ALJ posed to the vocational expert simply asked whether there existed jobs which an individual could perform consistent with Plaintiff's RFC, to which the vocational expert indicated that Plaintiff would be able to perform much of her past relevant work. The ALJ's RFC determination is supported by substantial evidence and there was nothing improper or incomplete about the hypothetical questions the ALJ posed to the vocational expert. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.

Date: June 17, 2015                                    /s/ Ellen S. Carmody
                                                               ELLEN S. CARMODY
                                                               United States Magistrate Judge